IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | Case No. 12 CV 3147 |
| v. | ) ) | Judge Gary Feinerman |
| JANNETH DEL TORO, individually and as the Administrator of the Estate of ELIAS DEL TORO | ) ) ) ) | |
| Defendant. | ) | |

## MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff, Hartford Life and Annuity Insurance Company ("Hartford"), by its attorneys, Donald A. Murday and Elizabeth G. Doolin of Chittenden, Murday & Novotny LLC, hereby states as follows for its Motion for Entry of Consent Judgment:

1. On April 21, 2012, Hartford filed its Complaint for Rescission and Declaratory Judgment (Doc. No. 1), seeking to rescind a Flexible Premium Adjustable Life Insurance Policy, Policy No. LU2278291 (the "Policy"), which Hartford issued to Elias Del Toro, now deceased, on November 1, 2010. Defendant, Janneth Del Toro, the wife of Elias Del Toro, was the designated beneficiary of the Policy and is the administrator of the Estate of Elias Del Toro.

2. Janneth Del Toro agreed to waive service of the Summons and Complaint on May 9, 2012. (Doc. No. 8).

3. Contemporaneously with its request for waiver of service, Hartford tendered to Janneth Del Toro, as the designated beneficiary of the Policy and as the wife of Elias Del Toro, a full refund of all premiums paid on the Policy, plus interest, by check made payable to Janneth Del Toro.

4. Janneth Del Toro accepted the premium refund payment and negotiated the check.

5. Janneth Del Toro and Hartford now agree to the entry of a consent judgment of rescission declaring the policy rescinded, null and void *ab initio*. To that end, Hartford and Janneth Del Toro have executed a Stipulation setting forth this agreement, which Stipulation is attached hereto and incorporated by reference herein as Exhibit A.

6. Hartford has satisfied all requirements for rescission of the Policy and hereby seeks entry of a consent judgment of rescission declaring the Policy rescinded, null and void *ab initio*, and of no affect.

7. Hartford further agrees and stipulates to bear its own costs in connection with the entry of the consent judgment.

WHEREFORE, pursuant to the attached Stipulation of the Parties, Hartford hereby requests this Court enter a consent judgment of rescission, in the form attached hereto as Exhibit B and submitted to the Court contemporaneously herewith.

Respectfully submitted,

CHITTENDEN, MURDAY & NOVOTNY LLC

By: /s/ Elizabeth G. Doolin
One of the Attorneys for Plaintiff
**HARTFORD LIFE AND ANNUITY INSURANCE COMPANY**

Donald A. Murday (dmurday@cmn-law.com)
Elizabeth G. Doolin (edoolin@cmn-law.com)
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, IL 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)

**CERTIFICATE OF SERVICE**

      I hereby certify that on **June 15, 2012**, I electronically filed the foregoing Motion for Entry of Consent Judgment herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. A copy was served on the party below *via* U.S. Mail by enclosing a true and correct copy thereof in a duly addressed, postage prepaid envelope and deposited same in the U.S. Mail chute at 303 West Madison Street, Chicago, Illinois, 60606 before the hour of 5:00 p.m. on this 15th day of June, 2012:

      Janneth Del Toro
      954 North Lincoln
      Addison, IL 60101

                                              /s/ Elizabeth G. Doolin